Donald HALE, Appellant,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.

No. 13064.

United States Court of Appeals
Fourth Circuit.

May 28, 1969.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

Petitioner appeals from an order of the District Court (Maxwell, J.) denying his motion for discharge from conviction and his petition for habeas corpus.

The District Court found that by refusing to petition for habeas corpus pursuant to the West Virginia Post Conviction Statute, West Virginia Code, 53–4A (Michie Supp.1968), as directed by the Circuit Court of Wyoming County, upon remand from the District Court, petitioner lost his right to federal relief. In explication of his refusal, petitioner, in separate statements submitted to this court on appeal, argues first that he "was seeking release not a trial or appeal," and second that he failed to take the prescribed procedural step on advice of appointed counsel. These reasons may be complementary; the decision to refuse to take the necessary procedural steps may have been the considered choice of petitioner, reached after consultation with his counsel. If so, petitioner's refusal might fairly be characterized as a deliberate by-pass of state remedial procedures, and withholding federal relief would be proper. Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). On the other hand, in his second statement, petitioner may be telling the court that he was overborne by counsel, and that his refusal was not his volition. "A choice made by counsel not participated in by the petitioner does not automatically bar relief." Fay v. Noia, *supra* at 439, 83 S.Ct. at 849. This latter position, which petitioner did not advance until April 1, 1969, in a letter to this court, was not before the District Court, and accordingly we remand to the District Court to determine whether or not petitioner understandingly and deliberately by-passed the state remedy.

In his April 1, 1969 letter, petitioner also alleges that following the District Court's decision and order of October 3, 1968, he filed a petition, the prescribed procedural step, in the Circuit Court of Wyoming County, but relief was denied. On remand, the District Court is directed to consider these allegations also.

A certificate of probable cause to appeal is hereby granted and the cause remanded to the District Court for consideration of the issues we have just discussed.